UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA CHAVEZ ALVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 15-167 JC<br><br>MEMORANDUM OPINION |

**I.   SUMMARY**

On January 27, 2015, Sandra Chavez Alvarez ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; January 29, 2015 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED.  The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On November 8, 2010, plaintiff filed an application for Disability Insurance Benefits.  (Administrative Record ("AR") 141, 308).  Plaintiff asserted that she became disabled on December 28, 2009, due to left hand injury, and carpal tunnel (AR 338).  On remand from the Appeals Council, the ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), and a vocational expert on March 3, 2014.  (AR 60-100).  At a supplemental hearing on August 7, 2014, the ALJ heard additional testimony from plaintiff, and obtained testimony from a new vocational expert.[1]  (AR 30-59).

On October 9, 2014, the ALJ determined that plaintiff was not disabled through the date of the decision.  (AR 16-25).  Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments:  left carpal tunnel syndrome, mild right to carpal tunnel syndrome, impingement of the right elbow and right shoulder, epicondylitis of the right elbow, arthritis, and obesity (AR 18); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 19); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 404.1567(b)) with additional limitations[2] (AR 19); (4) plaintiff could not perform any past relevant

---

[1]In light of plaintiff's objections to the qualifications of the vocational expert who testified at the March 3, 2014 hearing, the ALJ called a new vocational expert at the August 7, 2014 hearing.  (AR 33, 274).

[2]The ALJ determined that plaintiff:  (i) was limited to occasional postural activities (primarily due to obesity); (ii) could perform frequent fine and gross manipulation bilaterally; (iii) could perform no overhead reaching with the right dominant upper extremity; (iv) could

(continued...)

1   work (AR 23); (5) there are jobs that exist in significant numbers in the national
2   economy that plaintiff could perform, specifically cafeteria attendant, assembler
3   (plastic hospital products), and small products assembler I (AR 23-24); and
4   (6) plaintiff's allegations regarding the intensity, persistence, and limiting effects
5   of her subjective symptoms were only partially credible (AR 20, 22).

6       The Appeals Council denied plaintiff's application for review.  (AR 1).

7   **III.  APPLICABLE LEGAL STANDARDS**

8       **A.    Sequential Evaluation Process**

9       To qualify for disability benefits, a claimant must show that the claimant is
10  unable "to engage in any substantial gainful activity by reason of any medically
11  determinable physical or mental impairment which can be expected to result in
12  death or which has lasted or can be expected to last for a continuous period of not
13  less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)
14  (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The
15  impairment must render the claimant incapable of performing the work the
16  claimant previously performed and incapable of performing any other substantial
17  gainful employment that exists in the national economy.  Tackett v. Apfel, 180
18  F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

19      In assessing whether a claimant is disabled, an ALJ is to follow a five-step
20  sequential evaluation process:

21          (1)     Is the claimant presently engaged in substantial gainful activity?  If
22                  so, the claimant is not disabled.  If not, proceed to step two.

23  ///
24  ///
25

26          ²(...continued)

27  perform frequent reaching, pushing, and pulling with the right dominant upper extremity; and
28  (v) could speak and understand very limited English.  (AR 19).

(2)     Is the claimant's alleged impairment sufficiently severe to limit
        the claimant's ability to work?  If not, the claimant is not
        disabled.  If so, proceed to step three.

(3)     Does the claimant's impairment, or combination of
        impairments, meet or equal an impairment listed in 20 C.F.R.
        Part 404, Subpart P, Appendix 1?  If so, the claimant is
        disabled.  If not, proceed to step four.

(4)     Does the claimant possess the residual functional capacity to
        perform claimant's past relevant work?  If so, the claimant is
        not disabled.  If not, proceed to step five.

(5)     Does the claimant's residual functional capacity, when
        considered with the claimant's age, education, and work
        experience, allow the claimant to adjust to other work that
        exists in significant numbers in the national economy?  If so,
        the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at
1110 (same).

        The claimant has the burden of proof at steps one through four, and the
Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262
F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch
v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of
proving disability).

**B.    Standard of Review**

        Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
benefits only if it is not supported by substantial evidence or if it is based on legal
error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.
2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

4

1   (9th Cir. 1995)).  Courts review only the reasons provided in the ALJ's decision,

2   and the decision may not be affirmed on a ground upon which the ALJ did not

3   rely.  See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v.

4   Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

5        Substantial evidence is "such relevant evidence as a reasonable mind might

6   accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389,

7   401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but

8   less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan,

9   911 F.2d 180, 183 (9th Cir. 1990)).  To determine whether substantial evidence

10  supports a finding, a court must "'consider the record as a whole, weighing both

11  evidence that supports and evidence that detracts from the [Commissioner's]

12  conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)

13  (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  A denial of benefits

14  must be upheld if the evidence could reasonably support either affirming or

15  reversing the ALJ's decision.  Robbins, 466 F.3d at 882 (a court may not

16  substitute its judgment for that of the ALJ) (citing Flaten, 44 F.3d at 1457); see

17  also Molina, 674 F.3d at 1111 ("Even when the evidence is susceptible to more

18  than one rational interpretation, we must uphold the ALJ's findings if they are

19  supported by inferences reasonably drawn from the record.") (citation omitted).

20       Even when an ALJ's decision contains error, it must still be affirmed if the

21  error was harmless.  Treichler v. Commissioner of Social Security Administration,

22  775 F.3d 1090, 1099 (9th Cir. 2014).

23  **C.    Evaluation of Credibility**

24       When a claimant provides "objective medical evidence of an underlying

25  impairment which might reasonably produce the pain or other symptoms alleged,"

26  and there has not been an affirmative finding that the claimant was malingering,

27  the ALJ may discount the credibility of the claimant's statements regarding

28  subjective symptoms only by "offering specific, clear and convincing reasons for

5

1   doing so" supported by substantial evidence.  Brown-Hunter v. Colvin, __ F.3d
2   __, 2015 WL 4620123, *5 (9th Cir. Aug. 4, 2015) (citation and internal quotation
3   marks omitted).  If the ALJ's interpretation of the claimant's testimony is
4   reasonable and is supported by substantial evidence, it is not the court's role to
5   "second-guess" it.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001)
6   (citation omitted); see also Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)
7   (Evaluation of a claimant's credibility and resolution of conflicts in the testimony
8   are solely functions of the Commissioner.) (citation omitted).

9   **IV.   DISCUSSION**

10          Plaintiff claims that the ALJ inadequately evaluated the credibility of her
11   subjective complaints regarding limitations in her left-upper extremity.  (Plaintiff's
12   Motion at 6).  Plaintiff essentially contends that, contrary to the ALJ's residual
13   functional capacity assessment, plaintiff should actually be restricted to only
14   "occasional" use of her left upper extremity, and "it is impossible for [plaintiff] to
15   use her left upper extremity for frequent fine and gross manipulation."  (Plaintiff's
16   Motion at 6) (citing AR 79-81).  A reversal or remand is not warranted.

17          Here, substantial evidence supported the ALJ's assessment that plaintiff
18   essentially retained the residual functional capacity to, among other things,
19   perform light work and frequent fine and gross manipulation with her left upper
20   extremity.  For example, it appears that the ALJ reasonably interpreted plaintiff's
21   subjective symptom testimony as supporting a finding that plaintiff could perform
22   light work and frequent fine and gross manipulation with her left upper extremity.
23   The ALJ noted plaintiff's testimony that she could hold a pen or pencil for only 5
24   to 10 minutes at a time and that plaintiff had "difficulty using her left upper
25   extremity for lifting activities as well as flexion and turning activities."
26   (Plaintiff's Motion at 6; AR 22, 79-81).  As the ALJ noted, however, plaintiff also
27   testified that she could pick up a gallon of milk "[f]or a while" if she used both
28   hands, even though she had "difficulty" holding a kitchen pot and could not pick

up a gallon of milk "continuously" or with her left hand alone.  (AR 22, 79).
Plaintiff also testified that she is "right hand dominant" and did not wear a brace
on her right hand.  (AR 22, 76).  Thus it was reasonable for the ALJ to infer from
plaintiff's own testimony that although plaintiff "[could not] support much weight
with her left hand alone," plaintiff still "should be able to support more weight
when using her right hand as well."  (AR 22).

        In addition, the ALJ gave "some weight" to Dr. Luigi F. Galloni (an
examining orthopedic surgeon) who opined that plaintiff should be restricted from
repetitive activity with the left upper extremity (*i.e.*, "repetitive grasping, gripping,
and torquing, as well as repetitive use of the left hand, and repetitive flexion
extension, and pronation and supination of the left elbow"), and the ALJ
reasonably found such preclusion from repetitive activity as being "generally
consistent with the ability to perform a light range of work" with the left upper
extremity.  (AR 22, 500).

        While plaintiff argues that the evidence reflects more significant limitations
in her left-upper extremity (Plaintiff's Motion at 6-7), this Court will not second-
guess the ALJ's reasonable determination otherwise, even if such evidence could
give rise to inferences more favorable to plaintiff.  See Rollins, 261 F.3d at 857
(citation omitted).

        Accordingly, a remand or reversal on this basis is not warranted.

**V.     CONCLUSION**

        For the foregoing reasons, the decision of the Commissioner of Social
Security is affirmed.

        LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   September 30, 2015

                                    _____
                                                /s/
                                    Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE

7